PAUL T. TATE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tate v. Commissioner
Docket No. 13072-87.
United States Tax Court
T.C. Memo 1988-335; 1988 Tax Ct. Memo LEXIS 364; 55 T.C.M. (CCH) 1394; T.C.M. (RIA) 88335; July 29, 1988. Paul T. Tate, Jr., pro se. John C. Meaney, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651 [1]
Sec. 6653(a)
Sec. 6653(a)(2)
Sec. 6654
1980
$ 9,691.61
$ 2,422.90
$ 484.58
--
$ 617.51
1981
8,824.48
1,807.12
441.22
*
523.30
*365 By amendment to answer, respondent claimed an increase in the above amounts based upon an omission of additional wages in 1980. Petitioner was a legal resident of Elgin, Oregon, when he filed his petition. This case was called for trial in Portland, Oregon, on June 20, 1988, pursuant to notice to the parties. Petitioner did not appear. The Court had before it petitioner's Motion to Dismiss for Lack of Jurisdiction, as well as the question of the proper treatment of the case in view of petitioner's failure to appear and to comply with the Court's order dated June 3, 1988. We deal first with the Motion to Dismiss for Lack of Jurisdiction. Petitioner contends that the deficiency notice herein is invalid because respondent did not base his determination on a voluntary act of petitioner (he failed to file any return for the year at issue) or on a substitute return as required by section 6020, citing , revg. . This contention is totally without merit. , specifically rejected this position and refused to apply *366 Scar. We hold that the deficiency notice herein is valid. As an alternative position, petitioner asks that his motion to dismiss be treated as a motion to withdraw the case. This position is also without merit. Once a petition is filed in this Court contesting a valid notice of deficiency, petitioner cannot withdraw the case from our jurisdiction. . We now turn to the question of the proper disposition of this case. Petitioner herein asserts various "protestor" arguments which have long since been rejected by the Court. , affg. (privilege against self-incrimination, burden of proof, right to a grant of immunity, right to a jury trial). In his petition, petitioner asserted that he was entitled to deductions which had not been taken into account in the notice of deficiency. At no time did he offer to submit any evidence to support his claim. Since the burden of proof is upon petitioner in this respect, as well as all the other issues raised by the notice of deficiency, Rule 142(a), his nonappearance *367 and nonproduction of evidence as to any of these issues results in his failure to carry his burden of proof. ;. By order, dated June 3, 19988, petitioner was directed to file with the Court a statement summarizing the evidence he would present at trial together with copies of any written material he would offer at trial in respect of the substantive tax issues raised by the notice of deficiency. The order notified petitioner that he had the burden of proof on these issues and that if he did not comply with the Court's order, the case might be dismissed for failure properly to prosecute. [2] Petitioner failed to file any such statement or otherwise inform the Court as to these matters or comply with the other provisions of said order, i.e., communication with respondent in order to prepare a stipulation of facts. Under the foregoing circumstances, *368 we dismiss the case for failure properly to prosecute. , affg. per curiam an unreported order of this Court. The dismissal is also appropriate with respect to the increased deficiency, as to which respondent has the burden of proof, Rule 142(a), since the amendment to answer contains well-pleaded facts which support respondent's claim. . Finally, we deal with the question of whether damages should be awarded under section 6673. Petitioner was warned that such damage might be awarded by the Court's order dated June 3, 1988, and by respondent in a letter to petitioner dated December 14, 1987. We think it clear that the contentions of petitioner as set forth in this petition and his Motion to Dismiss are "frivolous or groundless" within the meaning of section 6673. Accordingly, we hold that the United States is entitled to an award in the amount of $ 5,000. . Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. To be calculated based upon the entire underpayment. ↩
2. Petitioner was also warned by the order that such action might result if he failed to comply with Rule 91(a), a warning that had previously been given by the notice of trial and the memorandum accompanying the notice of trial. ↩